FILED

04/28/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0593

DA 25-0593

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 91N

ESTATE OF IAN R. ELLIOT, deceased,
Derivatively on Behalf of Starfire, L.P.,

        Plaintiff and Appellee,

    v.

JOSEPH WOMACK, an Individual,

        Defendant and Appellee,

    and

JENNY JING, ALICE CARPENTER,
and MIKE BOLENBAUGH,

        Proposed Intervenors and Appellants.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 21-811
Honorable Ashley Harada, Presiding Judge

COUNSEL OF RECORD:

    For Appellee Andrew Billstein, Special Administrator of the Estate of Ian Ray Elliott:

        Adrianna Potts, Potts Law, PLLC, Billings, Montana

    For Appellee Joseph Womack:

        Randall G. Nelson, Thomas C. Bancroft, Nelson Bancroft, Billings, Montana

    For Proposed Intervenors/Appellants:

        Jenny Jing, Alice Carpenter, Mike Bolenbaugh, Self-Represented, Billings, Montana

Submitted on Briefs:  April 1, 2026

Decided:  April 28, 2026

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellants, Jenny Jing, Alice Carpenter, and Mike Bolenbaugh (collectively "JCB"), are among nine beneficiaries to the Estate of Ian Elliot. None of the other beneficiaries are parties to this appeal. JCB appeals the Thirteenth Judicial District Court's Order Denying Motion to Intervene Pursuant to Rule 24 ("Motion to Intervene"); Order Denying Petitioners' Motion for a New Trial or Hearing Under Rule 59, and Relief Under Rule 60 ("New Trial Motion"), and Order Dismissing with Prejudice ("Dismissal Order"). We affirm.

¶3 While acknowledging that the standard of review of a district court's ruling on a motion to intervene and on motions brought pursuant to M. R. Civ. P. 59 and 60 is whether the district court abused its discretion, JCB nevertheless asserts that we should review the District Court's orders in this case de novo. The cases they cite in support of this assertion are inapposite to the present case. We review the District Court's denial of JCB's Motion to Intervene and New Trial Motion for an abuse of discretion. *See JAS, Inc. v. Eisele*, 2014 MT 77, ¶¶ 19, 21, 374 Mont. 312, 321 P.3d 113.

¶4 As detailed in JCB's "Summary of Prior Appeals," set forth in their opening brief, this marks the twelfth time that matters related to the Estates of Ada Elliot and Ian Elliot, and the management and dissolution of Starfire, L.P., have been before this Court. The

3

most recent appeal, decided by this Court less than a year ago, details the necessary factual and procedural background of these disputes, and need not be repeated here. *See In re Est. of Ian Elliot*, 2025 MT 149, ¶¶ 2-12, 423 Mont. 69, 571 P.3d 674 (*Elliot IV*).[1]

¶5 In *Elliot IV*, we affirmed the District Court's approval of four settlement agreements entered into by the Special Administrator of Ian Elliot's Estate, and its denial of JCB's Rule 59 and Rule 60 motions. *Elliot IV*, ¶¶ 19, 38, 40. Among the four settlement agreements approved in *Elliot IV* was a settlement of the litigation that is the subject of this appeal. *Elliot IV*, ¶¶ 8, 11.

¶6 JCB frames their appeal as raising "constitutional and equitable concerns arising from the district court's denial of intervention and dismissal of claims without factual examination." They assert it is necessary for this Court to revisit "[p]rior appellate decisions" which they contend "did not review . . . core factual issues, largely because testimony was limited, cross-examination was curtailed, or the matters were deemed outside the scope of the probate proceedings." They assert this wholesale review of this Court's prior decisions is necessary because even though they acknowledge they "were afforded hearings in the district courts," they contend those hearings were constitutionally deficient by "exclud[ing] the presentation of material facts and curtail[ing]

---

[1] In *In re Estate of Ian Elliot*, 2025 MT 149, ¶¶ 5-7, we referenced three prior appeals: *In re Estate of Ada Elliot*, No. DA 17-0618, 2018 MT 171N, 2018 Mont. LEXIS 231 (*Elliot I*); *In re Estate of Ada Elliot*, No. DA 21-0343, 2022 MT 91N, 2022 Mont. LEXIS 447 (*Elliot II*); and *In re Estate of Ian Elliot*, No. DA 23-0031, 2023 MT 246N, 2023 Mont. LEXIS 1257 (*Elliot III*). Since the 2025 appeal is the most recent appeal prior to this case, for continuity's sake we identify the 2025 appeal as *Elliot IV*.

4

cross-examination concerning the conduct of court-appointed fiduciaries," and therefore "failed to meet the requirements of due process."

¶7      JCB's arguments have no merit.  In *Elliot IV*, ¶ 37, JCB alleged due process violations as a basis for their objection to the Special Administrator's settlement of this case.  They also asserted it was necessary "to review all of the decisions made by the District Court in this case, including the appointment of the Special Administrator." *Elliot IV*, ¶ 39.   We rejected their due process argument because we noted that "beyond conclusory statements, they provide no legal analysis as to how their rights were violated." *Elliot IV*, ¶ 37.  We rejected their assertion that it was necessary to review all of the District Court's decisions, including the appointment of the Special Administrator of Ian's Estate, because we had already held in *Elliot III* that they had "waived their right to appeal the District Court's order appointing the Special Administrator" by failing to timely appeal that appointment. *Elliot IV*, ¶ 39.  Boiled down, the gravamen of JCB's current appeal is that they should have been allowed to intervene to challenge the manner in which the Special Administrator was pursuing this litigation.  In *Elliot IV*, ¶ 31, we rejected their objections to the Special Administrator's proposed settlement of this litigation because we held that the Special Administrator had a duty to settle Ian's Estate in accordance with the Estate's best interests and to use his authority for the best interests of successors to the Estate.   We held that the District Court did not err by concluding that the Special Administrator's proposed settlement of this case, along with the other cases that were the subject of *Elliot IV*, was reasonable. *Elliot IV*, ¶ 31.  Having concluded that the Special Administrator's *resolution* of this litigation was reasonable, we are hard pressed to

5

conclude that the District Court abused its discretion by denying JCB's motion to intervene so that they could challenge the manner in which the Special Administrator *pursued* this litigation.

¶8 These matters have been exhaustively litigated for nearly a decade, including multiple hearings before the district courts and multiple appeals to this Court. We decline to again wade through this exhaustive litigation except to note that the present appeal amounts to little more than a reiteration of arguments that have previously been rejected, were not preserved, or were otherwise waived. It would be a gross understatement to say that JCB is seeking a second bite of the apple with this appeal. At this point they are basically gnawing on the core.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. The District Court did not abuse its discretion by denying JCB's Motion to Intervene and New Trial Motion. The District Court's Orders are affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ KATHERINE M. BIDEGARAY
/S/ LAURIE McKINNON
/S/ BETH BAKER

6